**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COLUMBIA DATA PRODUCTS, INC.,**

      **Plaintiff,**

-vs-                   **Case No. 6:06-cv-66-Orl-22KRS**

**SYMANTEC CORPORATION, f/k/a:**
**Veritas Software Corporation,**

      **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION TO COMPEL (Doc. No. 31)**
>
> **FILED:**    November 20, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On November 20, 2006, Plaintiff Columbia Data Products, Inc. (Columbia) filed and served the present motion seeking an order compelling Defendant Veritas Software Corporation (Veritas) to provide more complete answers to certain interrogatories and to produce documents in response to requests for production of documents.

Pursuant to the Case Management and Scheduling Order, Veritas was required to file a response to this motion within eleven days after it was served, plus three days for mailing time. Doc. No. 27 at 5 n.1. Veritas has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

Accordingly, it is **ORDERED** that, on or before December 22, 2006, Veritas shall produce documents responsive to Columbia's First Request for Production of Documents numbered 1, 2, 3, 4, 5, 16, 17, 19, 20, 22, 23, 28, 31, 32, and 40 and documents responsive to Columbia's Second Request for Production of Documents numbered 1 and 2 for inspection and copying by counsel for the movants. To the extent that Veritas raised objections other than privileges and protections, those objections are now unavailing as a result of Veritas's failure to support those objections with evidence or legal authority in response to the motion to compel. To the extent that Veritas asserts that responsive documents, or portions thereof, are privileged or protected, it must assert those objections as to each document, or portion thereof, withheld from production in a privilege log served on or before December 22, 2006.

It is further **ORDERED** that, on or before December 22, 2006, Veritas shall provide supplemental sworn answers to Columbia's First Set of Interrogatories numbered 2, 8, and 19. To the extent that Veritas raised objections other than privileges and protections, those objections are now unavailing as a result of Veritas's failure to support those objections with evidence or legal authority in response to the motion to compel. To the extent that Veritas asserts that information responsive to these interrogatories is privileged or protected, Veritas must assert those objections to each item of information withheld in a privilege log served on or before December 22, 2006.

The privilege logs produced by Veritas, if any privileges or protections are asserted, must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, source, recipients, and specific privilege or protection claimed, and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing

counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)). The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.

Columbia also seeks an award of the reasonable expenses it incurred in bringing the present motion. Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially justified or that other circumstances make an award of expenses unjust. Having filed no response to the motion, Veritas has not presented any basis to conclude that its objections were substantially justified or that other circumstances make an award of expenses unjust. Therefore, the request for an award of expenses is **GRANTED**. Accordingly, it is **ORDERED** that, on or before December 22, 2006, Veritas Software Corporation shall tender to counsel for Columbia Data Products, Inc. the sum of $500.00 to compensate the movants, in part, for the attorneys' fees they incurred in filing the motion to compel.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties