# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COLUMBIA DATA PRODUCTS, INC.,**

       **Plaintiff,**

**-vs-**                                                               **Case No. 6:06-cv-66-Orl-22KRS**

**SYMANTEC CORPORATION, f/k/a:**
**Veritas Software Corporation,**

       **Defendant.**

___

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION (Doc. No. 39)**
>
> **FILED:**      **December 6, 2006**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:**    **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME OF DEADLINES IN THE COURT'S DECEMBER 5, 2006 ORDER ON PLAINTIFF'S MOTION TO COMPEL (Doc. No. 41)**
>
> **FILED:**      **December 19, 2006**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

On November 20, 2006, Plaintiff Columbia Data Products, Inc. (Columbia) filed a motion to compel, doc. no. 31, which was granted as unopposed, as Defendant Veritas Software Corporation (Veritas) failed to respond timely, doc. no. 35.  On the same day that I entered the Order on the motion to compel, Veritas filed a motion seeking reconsideration of that order and filed a response to Columbia's motion to compel.  Doc. Nos. 36, 37.  Veritas subsequently filed an amended motion for reconsideration, doc. no. 39, to which Columbia filed a response, doc. no. 40.

In Veritas' amended motion for reconsideration, it states that it did not timely file a response to Columbia's motion to compel because its counsel miscalculated the time within which it had to respond.  Doc. No. 39 at 1.  Veritas seeks reconsideration of the Order on Columbia's motion to compel pursuant to Federal Rule of Civil Procedure 60(b)(1), which allows the Court to relieve a party from a "final judgment, order, or proceeding" for "excusable neglect."  However, Rule 60(b)(1) only applies to final orders.  *See Delta Health Group, Inc. v. U.S. Dep't of Health and Human Servs.*, No. 3:05-cv-436/RV/EMT, 2006 WL 2982876, at *17  (N.D. Fla., Nov. 20, 2006).  Requests for reconsideration fall within the "inherent power [of the Court] to reconsider and revise its orders in the interest of justice." *Id*.

Courts in the Eleventh Circuit have held that a motion for reconsideration should only be brought in "certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice."  *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  "The grant or denial of a motion to reconsider

is left to the discretion of the district court." *Gougler v. Sirius Prod., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

Under the circumstances presented in this motion, I will reconsider my earlier order. While Veritas' counsel mistakenly calculated the date upon which their response was due, they filed their response within hours of the Order being entered. Accordingly, the December 5, 2006 Order on Columbia's motion to compel is **VACATED**. The Clerk of Court is directed to reopen the motion to compel, doc. no. 31. I will consider the motion and the response on the merits. Counsel and the parties are cautioned, however, that they must carefully calculate deadlines and comply with them going forward.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties