**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COLUMBIA DATA PRODUCTS, INC.,**

       **Plaintiff,**

-vs-                                       **Case No. 6:06-cv-66-Orl-22KRS**

**SYMANTEC CORPORATION, f/k/a:**
**Veritas Software Corporation,**

       **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL (Doc. No. 31)**
>
> **FILED:**      November 20, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**.

This case arises from a long-standing dispute between Plaintiff Columbia Data Products, Inc. (CDP) and Defendant Symantec Corporation f/k/a Veritas Software Corporation (Veritas). In summary, CDP owns the copyright in certain computer software referred to as "OTM." On April 7, 2002, CDP entered into an agreement with Veritas under which CDP granted Veritas a worldwide, exclusive license to integrate OTM software into Veritas's products and to grant sublicenses to Veritas's customers to use the OTM software.

CDP terminated the license agreement on July 22, 2003. Thereafter, CDP sued Veritas alleging breach of the license agreement and related causes of action. The parties resolved that litigation through a negotiated settlement. Under the terms of the settlement agreement, Veritas contends that it was permitted to retain copies of the OTM software for the purpose of providing maintenance and support to its customers, called End Users, who had purchased products containing the OTM software. CDP contends that the settlement agreement did not permit Veritas to continue to distribute its OTM software to the End Users. Neither party filed the settlement agreement or any related releases with the Court.

CDP alleges that Veritas continued to make the OTM software available to End Users and others through Veritas's website. Accordingly, CDP filed the present case in which it alleges that Veritas infringed its copyrights in the OTM software and violated the settlement agreement. Veritas filed a counterclaim seeking a declaratory judgment that its use of the OTM software was permitted under the settlement agreement.

## II.     THE PRESENT MOTION.

After much needless recitation of the history leading to the present motion to compel, and many unnecessary footnotes and exhibits, CDP finally addressed the purpose of the motion: that is, a request that the Court compel Veritas to provide a further response to certain discovery requests made by CDP. Veritas belatedly filed a response to the motion. Doc. No. 36. I will address only the requests for production and interrogatories quoted by CDP in its motion in this order.

### A.     First Request for Production of Documents.

In request number 1, CDP asked for all documents evidencing communications between Veritas "as well as its assignors, predecessors, successors, affiliates, subsidiaries, parent corporations, divisions, units, including present and former officers, directors, agents, employees, or representatives of any of the foregoing, including all persons acting or purporting to act on behalf of any of the foregoing, experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, and, unless privileged, the parties' attorneys" and any other person or entity "involving any of the transactions, occurrences, events, issues, claims or defenses giving rise to, or asserted by any party, in this action from April 7, 2002 to present." Veritas understandably objected to this request as overbroad, among other things. In request number 2, CDP sought communications between and among the same individuals and entities "involving the OTM software" for the period of May 14, 2004, to the date of the request. In request number 3, CDP sought communications between and among the same individuals and entities "involving the license agreement" for the period of May 14, 2004, to the date of the request.

The scope of these requests is unconscionably broad. Request number 1 includes communications regarding events that occurred when Veritas was acting pursuant to the license agreement with CDP, and other events which have no bearing on the current litigation and were, presumably, resolved by the settlement agreement in the earlier litigation. Request number 3 similarly seeks information about the license agreement at issue in the earlier litigation, but it has no bearing on the present litigation. While request number 2 is more narrowly limited to communications involving OTM software, it still encompasses irrelevant communications and communications not likely to lead

to the discovery of admissible evidence, such as communications regarding issues that were the subject of the previous litigation, which was resolved by the settlement agreement in March 2005. Accordingly, the motion to compel a further response to requests numbers 1, 2, and 3 is **DENIED**.

In request number 4, CDP seeks all communications between and among the same individuals and entities "involving the Settlement Agreement." The parties represent that all objections to this request have been withdrawn. Accordingly, the motion to compel a further response to request number 4 is **DENIED** as moot.

In request number 5, CDP seeks all documents evidencing transactions between or among the same individuals and entities "involving the OTM software" from May 14, 2004, to the present. In request number 16, CDP seeks all documents referencing the OTM software in any communications to potential or prospective End Users from January 14, 2004, to the present. In request number 17, CDP seeks all documents referencing the OTM software in communications with any third parties from May 14, 2004, to the present. Veritas again contends that the requests are vague, overbroad, and unduly burdensome. The unduly burdensome objection cannot be sustained because it is not supported by evidence establishing the burden that Veritas would face in producing documents responsive to the request. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). The vagueness objection similarly lacks merit. The essential issue in the present lawsuit is the extent to which Veritas made the OTM software available to End Users and others. These requests are reasonably designed to elicit documents relevant to that issue. The requests are overbroad to the extent that they seek information about transactions involving the OTM software before the settlement agreement was entered into, however. Accordingly, the motion to compel a further response to requests numbers 5, 16, and 17 is

**GRANTED** but the time frame of the requests is limited to March 3, 2005, to the date of the requests.

In request number 19, CDP seeks all documents "evidencing any acts by you involving the OTM software . . . ." Once again, Veritas objects to the request as overbroad and unduly burdensome. CDP contends that the definition of "acts" set forth in the First Request for Production of Documents makes the request clear, but I conclude that the definition illustrates the overbreadth of the request. CDP defines "acts" to mean "any act, transaction, decision, communication, statement, conduct, meetings, or any other type of event of occurrence . . . ." Doc. No. 31 at 14. Read literally, this would include the preparation of every draft of every document prepared in connection with this case, including every request from an attorney to support staff to assist in typing, copying, mailing, and filing such documents. Accordingly, the objection to this request as overbroad is well taken. The motion to compel a further response to request number 19 is **DENIED**.

In requests numbers 20 and 23, CDP seeks any documents showing communications between Veritas (as broadly defined in the definitions discussed above) and others regarding the Cease and Desist letter CDP sent to Veritas and a follow-up letter dated October 12, 2005. The parties represent that the objections to these requests have been withdrawn. Accordingly, the motion to compel a further response to requests numbers 20 and 23 is **DENIED** as moot.

In request number 22, CDP seeks production of all price lists related to the OTM software from May 14, 2004, to the date of the request. Veritas's only objection to this request is that the term "price list" is vague. The discovery practice in this Court requires that "[a]n attorney receiving a request for documents . . . reasonably and naturally interpret it." *A Handbook on Civil Discovery Practice In the United States District Court for the Middle District of Florida* 10 (2001). Documents reflecting the

price of a product, and the extent to which the price differs depending on whether the purchaser is an individual or government entity, are commonly used and the term price list, when reasonably and naturally interpreted, is not vague. Accordingly, the motion to compel a further response to request number 22 is **GRANTED**.

In request number 28, CDP seeks documents relating to negotiations between Veritas and Symantec regarding the OTM software "or any agreement, contract, arrangement, understanding or course of dealing, whether formal or informal and/or express or implied, between you and CDP." Veritas objects that its acquisition by Symantec is not relevant to the issues in this lawsuit. Veritas's objection appears to rest on an incorrect reading of request number 28. In this request, CDP seeks to learn what written representations Veritas made to Symantec during the course of their negotiations regarding its rights to possess and use the OTM software and its relationship with CDP. These are matters that are relevant or may lead to the discovery of admissible evidence in the present case. Accordingly, the motion to compel a further response to request number 28 is **GRANTED**.

In request number 31, CDP seeks all marketing materials used by Veritas to market or advertise its software support and maintenance service from May 14, 2004, to the date of the request. This request is overbroad because it is not limited to the OTM software or support and maintenance of products sold by Veritas that incorporated the OTM software. Therefore, the motion to compel a further response to request number 31 is **DENIED**.

In request number 32, CDP seeks all documents relating to the transfer of any rights Veritas claims to have to any third party, including Symantec. Veritas contends that "claimed rights" is too vague, even though CDP clarified its request as calling for documents regarding transfer of any rights

Veritas claims to have in the possession and use of OTM software. As so clarified, the request is appropriate. Accordingly, the motion to compel a further response to request number 32 is **GRANTED**.

In request number 40, CDP seeks all documents pertaining in any way to the allegations in paragraphs 12, 18, 19, 20, and 21 of Veritas's counterclaim. Veritas contends that this request is overbroad because it would include irrelevant documents, including documents regarding technical support unrelated to the issues in the present case. CDP is entitled to explore, within reason, the technical support Veritas is providing, among other things, to determine whether it includes distributing the OTM software after the date of the settlement agreement. Accordingly, the motion to compel a further response to request number 40 is **GRANTED**.

> B.   *Second Request for Production of Documents.*

In requests numbers 1 and 2, CDP seeks all documents evidencing access, downloading, or other use, receipt or retrieval of the OTM software via internet links provided by Veritas. In its response, Veritas indicated that it agreed to produce responsive documents. Accordingly, the motion to compel a further response to requests numbers 1 and 2 is **DENIED** as moot.

> C.   *First Set of Interrogatories.*

In interrogatory number 2, CDP asks that Veritas identify its current or former officers, directors, and/or employees who were or are involved in the distribution of OTM software and to provide information about such involvement. Veritas objected to the interrogatory as vague, overbroad, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Veritas's objections are unavailing. This interrogatory asks it to identify individuals within the

categories specified who have been involved with distributing OTM software. While Veritas contends that the meaning of the word distribution is vague, it should be read for purposes of the discovery as giving, selling or making available for use or downloading all or part of the OTM software to any person or entity, whether during the course of providing technical support services or otherwise. Therefore, the motion to compel a further response to interrogatory number 2 is **GRANTED**.

In interrogatory number 8, CDP asks Veritas to provide the date on which it ceased providing OTM software to End Users via any internet link provided by Veritas. Once again, Veritas' objection to the interrogatory is based on its failure to give a reasonable reading to the interrogatory, which seeks information about when End Users (a defined term) could no longer obtain, copy, download, or use the OTM software through an internet link provided by Veritas. Accordingly, the motion to compel a further response to interrogatory number 8 is **GRANTED**.

In interrogatory number 19, CDP asks Veritas to identify its current or former officers, directors, or employees involved with communications to any potential or prospective End Users of the OTM software from May 14, 2004, to the date of the discovery request. Veritas's objection that the request is temporally overbroad, among other reasons, is well taken. Therefore, the motion to compel a further response to interrogatory number 19 is **DENIED**.

### III.   CONCLUSION.

As to each request for production of documents with respect to which the motion to compel has been granted in whole or in part, and as to each request for production of documents with respect to which the objections were withdrawn, it is **ORDERED** that Veritas shall produce all responsive documents to counsel for CDP for inspection and copying on or before February 22, 2007, and that it

shall simultaneously serve on counsel for CDP a privilege log describing each responsive document withheld on the basis of attorney-client privilege to the extent that such privilege was specifically raised as an objection to the request. The privilege log must identify each document withheld by date, author, and recipients (including recipients of copies), and must describe the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the attorney-client privilege.

It is further **ORDERED** that Veritas shall serve its sworn response to interrogatories numbers 2 and 8 on or before February 22, 2006.

Because of the unnecessary and extensive use of footnotes in the present motion and response, it is further **ORDERED** that, in future discovery motions and responses thereto filed in this case, counsel must include all of the information they wish the Court to consider in the body of the motion or response, not in footnotes. Counsel are also directed to read *A Handbook on Civil Discovery Practice In the United States District Court for the Middle District of Florida* (2001) to guide them in their discovery practice in this case and in other cases before this Court.

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties