UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COLUMBIA DATA PRODUCTS, INC.,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-66-Orl-28KRS**

**SYMANTEC CORPORATION, f/k/a: Veritas Software Corporation,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **VERITAS'S MOTION FOR ATTORNEYS' FEES (Doc. No. 153)** |
| **FILED:** | **December 20, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OBJECTIONS TO VERITAS'S BILL OF COSTS (Doc. No. 170)**[1] |
| **FILED:** | **December 20, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

---

[1] The motion also requested clarification of an earlier order. This request has been rendered moot by order of the presiding district judge. *See* Doc. No. 174.

## I. INTRODUCTION.

Judgment in favor of defendant Veritas Software Corporation ("Veritas") was entered on December 6, 2007 against plaintiff Columbia Data Products ("Columbia"). Doc. No. 148. Following entry of judgment, Columbia moved for a new trial and also appealed the judgment. Doc. Nos. 160, 161. In the meantime, Veritas filed its Motion for Attorneys' Fees and its Proposed Bill of Costs. Doc. Nos. 153, 162. The Clerk subsequently taxed costs against Columbia on January 9, 2008. Doc. No. 166. Columbia filed its Objections to Veritas's Bill of Costs and Request. Doc. No. 170.[2] At my direction, Columbia filed a supplemental memorandum addressing its objection to an award of litigation expenses as part of the award of attorneys' fees. Doc. No. 186

The presiding judge referred these motions to me for issuance of a report and recommendation. Doc. No. 174.

## II. STATEMENT OF FACTS.

Columbia sued Veritas for copyright infringement under 17 U.S.C. §§ 101-1101, as amended (the "Copyright Act"), and for breach of a settlement agreement. Doc. No. 1. The Settlement Agreement contained the following provision:

> [I]n the event a party seeks, in any manner, the enforcement of this Settlement Agreement in a court of competent jurisdiction (a) the non-prevailing party, . . . shall pay the prevailing or non-breaching party all of the litigation expenses of the prevailing or non-breaching party, including without limitation attorneys' fees, expert fees, costs (taxable or otherwise) and all other such litigation expenses that relate to or arise out of the enforcement of this Settlement Agreement.

[2] Columbia also sought clarification of other orders that were subsequently vacated by the Court. Accordingly, the request for clarification is moot.

Doc. No. 153 at 2-3.[3]

The case was set for the trial term beginning November 1, 2007, and trial commenced on November 26, 2007. Doc. Nos. 27, 123. On October 17, 2007, Veritas served Columbia with an Offer of Judgment and Proposal for Settlement. Doc. No. 153 at 3. At no time did Columbia respond to the Offer of Judgment and Proposal for Settlement. *Id*.

## III. ANALYSIS.

Veritas moves to establish its entitlement to attorneys' fees prior to submitting evidence regarding the value of its attorneys' services, as permitted by Rule 54(d)(2)(C) of the Federal Rules of Civil Procedure. Columbia does not oppose this procedure. Doc. No. 183 at 3 n.3.

Veritas moves for attorneys' fees on the three bases: (1) the contractual provision of the Settlement Agreement; (2) pursuant to section 768.79(1) of the Florida Statutes and Rule 68 of the Federal Rules of Civil Procedure because Columbia did not accept its offer of judgment; and (3) pursuant to the Copyright Act as a prevailing party. Veritas bases its request for costs and litigation expenses on the contractual provision of the Settlement Agreement and Rule 68 of the Federal Rules of Civil Procedure. Because I find that Veritas is entitled to fees, costs and litigation expenses pursuant to the Settlement Agreement, and because the Settlement Agreement provides the maximum possible recovery for attorneys' fees, costs, and litigation expenses, I do not address Veritas's alternative arguments.

---

[3] The Settlement Agreement was not attached to the motion as Exhibit A as stated. Doc. No. 153 at 2. A redacted version of the Settlement Agreement with the relevant language, however, was filed at Docket No. 49-1 ¶ 6.

**A. Attorneys' Fees.**

Columbia generally does not dispute Veritas's entitlement to attorneys' fees provided that there is a final determination that Veritas is the prevailing party. Doc. No. 183 at 3. The Court has declined to reserve ruling on the attorneys' fees award pending the Eleventh Circuit's resolution of the pending appeal. *See* Doc. No. 174. Accordingly, based on the current record, Veritas is the prevailing party. Therefore, I recommend that the Court find that Veritas is entitled to an award of reasonable attorneys' fees, and permit it to file a motion for assessment of such fees supported by evidence in the form required by *Norman v. Housing Authority*, 836 F.2d 1292, 1303 (11th Cir. 1988).

**B. Costs and Litigation Expenses.**

Columbia argues that the Settlement Agreement only entitles Veritas to an award of taxable costs enumerated in 28 U.S.C. § 1920, but not other litigation expenses. It relies on *Royal Palace Hotel Assoc., Inc. v. Int'l Resort Classics*, 178 F.R.D. 595 (M.D. Fla.1998), for the proposition that the Court should interpret the contractual reference to payment of costs to be limited to those costs properly taxable pursuant to § 1920. *See* Doc. No. 186.

The Supreme Court has held that "absent explicit statutory or contractual authorization for the taxation of costs, federal courts are bound by the limitations set forth in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 441(1987). As the Supreme Court of Florida observed in *Lashkajani v. Lashkajani*, 911 So. 2d 1154 (Fla. 2005):

> Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced. *See Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004) (explaining that the only way to recover attorney's fees and costs is if a statute authorizes it or the contract so provides). Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith. *See Brickell Bay Club Condo. Ass'n, Inc. v. Forte*, 397 So.2d 959, 960 (Fla. 3d DCA), review denied, 408 So.2d 1092 (Fla.1981). Such provisions exist to "protect and indemnify" the interests of the

> parties, not to enrich the prevailing party. *See Blount Bros. Realty Co. v. Eilenberger*, 98 Fla. 775, 124 So. 41, 41 (1929) (upholding a clause to pay attorney's fees because "a contract to pay attorney's fees is one, not to enrich the holder of the note, but to protect and indemnify him against expenditures necessarily made or incurred to protect his interests"); *see also Dunn v. Sentry Ins. Co.*, 462 So.2d 107 (Fla. 5th DCA 1985) ("A contractual provision that the losing party will pay the prevailing party's attorney's fees is an agreement for indemnification . . .").

*Lashkajani*, 911 So.2d at 1158-59.

In this case, the Settlement Agreement provided for "all of the litigation expenses . . . including without limitation . . . expert fees, costs (taxable or otherwise). . . ." Thus, the Settlement Agreement clearly sets forth the parties' intent that the prevailing party could recover litigation expenses in addition to taxable costs.

The decision in *Royal Palace Hotel* is not to the contrary. In that case, the contract merely provided for "court costs, etc.," and no party argued that the provision meant anything other than costs taxable under § 1920. *See Royal Palace Hotel*, 178 F.R.D. at 602. In contrast, the Settlement Agreement in the present case expressly included litigation expenses, including both taxable and nontaxable costs. There is, therefore, nothing unclear about the Settlement Agreement.

However, Columbia is correct in its argument that litigation expenses cannot be taxed by the Clerk of Court through a Bill of Costs. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Because the Bill of Costs includes expenses that are not taxable costs under § 1920, the Clerk's order taxing those costs should be vacated. I recommend that the Court permit Veritas to file a revised Bill of Costs, supported by documents that adequately establish the costs incurred, within ten days after the Court's order on this Report and Recommendation. I further recommend that the Court permit Veritas to include in its motion for an assessment of attorneys' fees a request for an award of litigation expenses, supported by evidence of the actual amount incurred and the reasonableness of the

expenses. If objections remain regarding the revised Bill of Costs, I will address those objections in conjunction with the motion for assessment of attorneys' fees and litigation expenses.

**IV. RECOMMENDATION.**

For the reasons set forth above, I respectfully recommend that:

1. The Court **GRANT** Veritas's Motion for Attorneys' Fees, doc. no. 153, and require Veritas to file, within 30 days after the Court's order on this Report and Recommendation, a separate motion with supporting evidence to determine the amount of attorneys' fees and litigation expenses to be awarded;

2. The Court **GRANT** in part and **DENY** in part Plaintiff's Objections to Veritas's Bill of Costs and Request for Clarification of Order Denying as Moot Plaintiff's Motion to Stay and/or Abate Veritas's Motion for Attorneys' Fees and Veritas's Bill of Costs, doc. no. 170;

3. The Court **VACATE** the Bill of Costs entered by the Clerk, doc. no. 166, and require Veritas to file, within eleven days after the Court's order on this Report and Recommendation, a revised Bill of Costs, with supporting documentation, seeking only taxable costs as defined by § 1920.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 27, 2008.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy